DECISION
{¶ 1} Plaintiffs-appellants, Donald and Mary Poole, appeal from a decision and judgment entry granting summary judgment in favor of, and denying appellants' motion for summary judgment against, defendant-appellee, Selective Insurance Company. For the reasons that follow, we affirm.
 {¶ 2} Appellants set forth three assignments of error:
I. The trial court erred, as a matter of law, by concluding that the "Drive Other Car Coverage — Broadened Coverage for Named Individuals" destroyed the ambiguity contemplated in Scott-Pontzer v.Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660, 710 N.E.2d 1116.
II. The trial court erred, as a matter of law, by concluding that the Selective Insurance Company of South Carolina's commercial auto policy did not provide UM/UIM coverage for injuries sustained because of the owned auto exclusion therein.
III. The trial court erred, as a matter of law, by concluding that Plaintiff Donald Poole is not an insured for purposes of umbrella coverage.
 {¶ 3} Appellant, Donald Poole, was driving his own vehicle when it was struck by a car driven by Gary Sampson. Sampson's negligence was the sole cause of the injuries suffered by appellants.[1] Appellants settled their claims with Sampson's insurer, then sought and obtained underinsured motorist benefits pursuant to their own insurance policy. Appellants now seek underinsured motorist benefits pursuant to an insurance policy that appellee issued to appellant Donald Poole's employer, Metro Beverage Company. The parties agree appellant Donald Poole was not acting in the course and scope of his employment at the time of the accident.
 {¶ 4} In its decision, granting summary judgment in favor of appellee, the trial court determined that the policy at issue did not fall within the purview of the Ohio Supreme Court's decision in Scott-Pontzerv. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660. The policy at issue listed Metro Beverage Company, a corporation, as the named insured. However, the policy also identified seven specific individuals as named insureds in addition to the corporation. The court ruled that unlike Scott-Pontzer, the definition of "you" was not ambiguous in this case because the policy provided coverage to persons, and not solely to a corporation.
 {¶ 5} The trial court also determined that even if the reasoning set forth in Scott-Pontzer did apply and appellants did qualify as insureds, the policy's terms still do not extend coverage to them. The policy lists 37 vehicles to which it provides uninsured and underinsured motorist coverage. The vehicle appellant Donald Poole was driving at the time of the accident is not one of the vehicles the policy specifically identifies. The trial court determined that the policy's "owned auto" exclusion served to preclude coverage to appellants.
 {¶ 6} Appellants' first assignment of error claims that the policy at issue provides coverage to them pursuant to the ambiguity contemplated in Scott-Pontzer, supra. On November 5, 2003, the Ohio Supreme Court issued its decision in Westfield Ins. Co. v. Galatis (2003),100 Ohio St.3d 216, 2003-Ohio-5849. In Galatis, at paragraph two of its syllabus, the court held:
Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment. (King v.Nationwide Ins. Co. [1988], 35 Ohio St.3d 208, 519 N.E.2d 1380, applied;Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660, 1999 Ohio 292, 710 N.E.2d 1116, limited.)
 {¶ 7} The insurance policy at issue designates Metro Beverage Co., a corporation, and several individuals as named insureds. Appellant Donald Poole is not a named insured. Therefore, pursuant to Galatis, in order to qualify for uninsured and underinsured motorist coverage as an employee of a named insured corporation, appellant must have been acting in the course and scope of his employment at the time of the accident. The parties do not dispute that he was not so acting at the time of the accident. Therefore, the trial court's ruling that the policy at issue does not provide coverage to appellants is correct, albeit for a different reason than we set forth here. Appellant's first assignment of error is overruled.
 {¶ 8} Appellants' second assignment of error addresses the effectiveness of the policy's "owned auto" exclusion. An insurance policy limitation excluding coverage necessarily means appellants must first qualify as insureds.
 {¶ 9} Appellants' third assignment of error contends the trial court erred by finding that the employer's umbrella policy did not provide them with coverage. Appellants submit that they qualify for coverage under the umbrella policy because they are insureds under a policy of underlying insurance.
 {¶ 10} For the reasons set forth in our discussion of appellants' first assignment of error, appellants do not qualify as insureds under an applicable policy of underlying insurance. Appellants' second and third assignments of error are therefore overruled.
 {¶ 11} Pursuant to the Ohio Supreme Court's decision in Galatis,
appellants' three assignments of error are overruled. For the foregoing reasons, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Petree, P.J., and Watson, J., concur.
[1] Appellant Donald Poole sustained serious bodily injuries in the accident. Appellant Mary Ann Poole seeks to recover for loss of consortium.